cc Santa Barbara Superior Court
Cook Division at Santa Maria, CA.
Case No. 1273197 with docket
and remand letter

JS-6  O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINTAGE PETROLEUM, LLC, a limited liability company under the laws of the State of Delaware,<br><br>        Plaintiff,<br><br>   v.<br><br>AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY, an Illinois corporation, and GREKA OIL & GAS, INC., a Colorado corporation doing business under the laws of the State of California, and DOES 1 through 20, inclusive,<br><br>        Defendants. | Case No. CV 08-08075 DDP (SSx)<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>[Motion filed on January 7, 2009] |

**I.   BACKGROUND**

Plaintiff Vintage Petroleum LLP ("Vintage") filed a lawsuit in state court against American International Specialty Lines Insurance Company ("AISLIC") on November 5, 2008, seeking declaratory relief against AISLIC and Greka Oil & Gas, Inc. ("Greka") regarding insurance coverage. Plaintiff also sought damages against Greka based on fraud.

///

1        AISLIC removed the lawsuit to this Court on December 8, 2008,
2   despite the fact that Defendant Greka has its principal place of
3   business in California.
4        Vintage now moves to remand this action to state court.

**II.   LEGAL STANDARD**

6        Removal statutes are strictly construed. <u>Luther v.
7   Countrywide Home Loans Servicing, LP</u>, 533 F.3d 1031, 1034 (9th Cir.
8   2008)(citing <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir.
9   1992).  A defendant has the burden to establish that removal is
10  proper, and any doubt is resolved against removal.  <u>Gaus</u>, 980 F.2d
11  at 566.

**III. DISCUSSION**

13       Diversity jurisdiction requires that all parties to the action
14  be "citizens of different states." 28 U.S.C. § 1332(a). Both
15  Vintage and AISLIC acknowledge that Defendant Greka is a citizen of
16  California, which normally would preclude diversity jurisdiction.
17  (Mot. 10:26-28; Opp. 2:24.) AISLIC argues that removal is still
18  proper, though, as Greka is a "sham" defendant whose citizenship
19  may be ignored because Greka's joinder was fraudulent. <u>See</u> <u>Strotek
20  Corp. v. Air Transp. Ass'n of Amer.</u>, 300 F.3d 1129, 1132 (9th Cir.
21  2002)(citing <u>Ritchey v. Upjohn Drug. Co.</u>, 139 F.3d 1313, 1318-19
22  (9th Cir. 1998)).
23       Joinder is fraudulent if the plaintiff fails to state a cause
24  of action against a resident defendant, and the failure is
25  "obvious" according to settled state law. <u>Morris v. Princess
26  Cruises, Inc.</u>, 236 F.3d 1061, 1067 (9th Cir. 2001). AISLIC argues
27  that under the terms of the "broad arbitration agreement" between
28

2

Vintage and Greka, any claims by Vintage are barred against Greka here. (Opp. 9:20-22.)

The California Supreme Court has held that arbitration agreements are placed on equal footing with other contracts. <u>Discover Bank v. Superior Court</u>, 36 Cal. 4th 148, 163 (Cal. 2005)(citing <u>Armendariz v. Foundation Health Psychcare Servs., Inc.</u>, 24 Cal. 4th 83, 97-98 (Cal. 2000). The California Civil Code further provides that arbitration agreements are "valid, enforceable and irrevocable, save upon such grounds as exist for the revocation of any contract." Cal. Civ. Proc. Code § 1281. As such, the arbitration clause is still ultimately a contract that may be found invalid by a court. The mere presence of an arbitration agreement is therefore insufficient proof of fraudulent joinder, because it does not demonstrate that the failure of Plaintiff's claims is obvious. <u>See, e.g.</u>, <u>McCabe v. General Foods Corp.</u>, 811 F.2d 1336, 1339 (9th Cir. 1987).

**IV.   CONCLUSION**

The Court GRANTS the Motion to Remand.

IT IS SO ORDERED.

Dated: February 6, 2009                                     DEAN D. PREGERSON
                                                          United States District Judge

3